**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

| | | |
|---|---|---|
| DAVID A. PETRI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-0361 |
| | ) | |
| DAVID BERKEBILE, | ) | |
| Warden, FCI Beckley, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Motion to Voluntarily Withdraw and Dismiss his Section

2241Petition (Document No. 13.), filed on September 23, 2009. By Standing Order, this matter was

referred to the undersigned United States Magistrate Judge for submission of proposed findings of

fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

**FACTUAL AND PROCEDURAL HISTORY**

On April 14, 2009, Petitioner,[1] proceeding *pro se* and in confinement at FCI Beckley, filed

his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Document No. 1.) Petitioner

alleges that the Bureau of Prisons [BOP] violated his constitutional rights by improperly expelling

Petitioner from the Residential Drug Abuse Treatment Program [RDAP].[2]  Specifically, Petitioner

contends that the "BOP denied Petitioner his right to due process under the federal regulations when

expelling him from RDAP." Petitioner argues that his removal from RDAP was "vindictive and

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held
to a less stringent standard than if they were prepared by a lawyer, and therefore, they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2]  The undersigned notes that Petitioner acknowledges that he failed to exhaust his
administrative remedies. Petitioner, however, argues that he should be exempt from the exhaustion
requirement because "exhaustion of the administrative remedy process routinely takes 180 to 200
days, well past Petitioner's Section 3621(e) release date." (Document No. 1, pp. 5 - 8.)

arbitrary." Therefore, Petitioner requests the Court to grant his "writ of habeas corpus and order

Petitioner's immediate release pursuant to 18 U.S.C. § 3621(e)."

On September 23, 2009, Petitioner filed a Motion for Voluntary Dismissal. (Document No.

13.) Specifically, Plaintiff requests "leave from this Honorable Court to withdraw any further

proceedings against the Defendant David Berkebile, Warden, FCI Beckley, Beaver, West Virginia,

as the issues contained therein have been amicably resolved at this time by both parties."

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily

dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party

serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent

part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without
> prejudice. But if the plaintiff previously dismissed any federal – or state – court
> action based on or including the same claim, a notice of dismissal operates as an
> adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule

41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the

court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow

voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d

1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent

substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir.

1986).  It is well established that prejudice to the defendant does not result from the prospect of a

second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D.

W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should

2

consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Respondent has neither filed an Answer to Petitioner's Petition nor otherwise pled. Accordingly, the undersigned respectfully recommends that Petitioner's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Petitioner's Motion to Voluntarily Withdraw and Dismiss his Petition (Document No. 13.), **DISMISS** Petitioner's Petition (Document No. 1.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be

granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: October 6, 2009.

R. Clarke VanDervort
United States Magistrate Judge